# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| WESTPORT FUEL SYSTEMS CANADA INC., | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 2:21-cv-00455-JRG-RSP |
| VS. | § § | (Lead Case) |
| NISSAN NORTH AMERICA, INC., | § § § | |
| *Defendant.* | § | |

| | | |
|---|---|---|
| WESTPORT FUEL SYSTEMS CANADA, INC., | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 2:21-cv-00456-JRG-RSP |
| VS. | § § | (Member Case) |
| GENERAL MOTORS, LLC, | § § § | |
| Defendant. | § | |

# DEFENDANT NISSAN NORTH AMERICA, INC'S
# MOTION TO DISMISS PURSUANT TO RULE 12(B)(3) AND 12(B)(6)

82644251.4

**TABLE OF CONTENTS**

I. STATEMENT OF ISSUES TO BE DECIDED ................................................................ 5

II. FACTUAL BACKGROUND ........................................................................................... 6

III. LEGAL STANDARD ....................................................................................................... 6
    A. Rule 12(b)(3)—Improper Venue ........................................................................... 6
    B. Rule 12(b)(6) and Twombly-Iqbal—Failure to State a Claim ............................... 7

IV. ARGUMENT .................................................................................................................... 8
    A. Improper Venue ..................................................................................................... 8
        1. Nissan Does Not "Reside" In This District................................................... 8
        2. Nissan Does Not Have A "Regular And Established Place Of Business" In This District ............................................................................ 8
            a. Nissan-affiliated dealerships are not regular and established places of business of Nissan per Federal Circuit law. .............................. 9
            b. Westport's venue allegations mirror those rejected by the Federal Circuit in Volkswagen. ................................................................. 10
    B. Failure to State a Claim of Indirect Infringement ............................................... 12

V. CONCLUSION ............................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. GNC Corp. v. ZTE Corp.*,
    No. 4:17-cv-00620, 2017 WL 5163605 (E.D. Tex. Oct. 4, 2017) ............................................ 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 7

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ........................ 12

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) ........................................................................................... 7, 8

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010) .............................................................................................12

*In re Google LLC*,
    949 F.3d 1338 (Fed. Cir. 2020) ............................................................................................... 7

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
    No. 6:13-CV-360-MHS, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) ..............................12

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016) .............................................................................................12

*Schnell v. Peter Eckrich & Sons, Inc.*,
    365 U.S. 260 (1961) ................................................................................................................ 6

*Stonite Prods. Co. v. Melvin Lloyd Co.*,
    315 U.S. 561 (1942) ................................................................................................................ 6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017) .................................................................................................... 6, 7, 8

*In re Volkswagen Group of America, Inc.*,
    No. 2022-108, 2022 WL 697526 (Fed. Cir. 2022) ..................................... 5, 6, 7, 8, 9, 10, 11

*Walker v. Inter-Americas, Ins.*,
    No. 7:03-CV-222, 2004 WL 1620790 (N.D. Tex. July 19, 2004) ........................................... 7

82644251.4

*Westport Fuel Systems Canada, Inc. v. General Motors, LLC.*
   Dkt. 12 ............................................................................................................................6

**Statutes**

28 U.S.C. § 1400 ..............................................................................................................5

28 U.S.C. § 1400(b) .................................................................................................6, 7, 8

28 U.S.C. § 1406 ...........................................................................................................5, 8

Tex. Occ. Code § 2301.003(b) ..........................................................................................10

Tex. Occ. Code § 2301.476(c)(2)(A) .................................................................................10

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) ....................................................5

Rule 12(b)(3) ...................................................................................................................5, 6

Rule 12(b)(6) ...................................................................................................................5, 7

U.S. Patent No. 6,298,829 ..................................................................................................6

U.S. Patent No. 6,575,138 ..................................................................................................6

**Non-TOA References**

Decl. at ¶3 ..........................................................................................................................8

Decl. at ¶15 ......................................................................................................................10

Decl. at ¶4 ..........................................................................................................................8

Pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), Defendant Nissan North America, Inc., ("Defendant" or "Nissan") moves to dismiss Plaintiff Westport Fuel Systems Canada, Inc.'s ("Westport") Complaint for Patent Infringement ("Complaint") filed on December 15, 2021 (Dkt. 1) for the foregoing reasons.

The Complaint should be dismissed, or in the alternative transferred, for improper venue under Rule 12(b)(3).  In the Complaint, Westport incorrectly asserts that Nissan "has a regular and established place of business in this Judicial District" based on its improper argument that affiliated dealerships are the "place" of Defendant Nissan. Dkt. 1 at ¶10. The Federal Circuit, in *In re Volkswagen Group of America, Inc.*, recently held that such logic is "patently erroneous." No. 2022-108, 2022 WL 697526, at *8 (Fed. Cir. 2022).

Further, the Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) to the extent Westport alleges indirect infringement. *See* Dkt. 1 at 17. In the Complaint, Westport makes no claim of indirect infringement, but Westport's Prayer for Relief requests "[a] judgment that Defendant infringes, directly and/**or indirectly**, one or more claims of each of the Westport Patents." *Id.* (emphasis added).  Because Westport failed to plead any facts and/or circumstances that state a plausible claim of indirect infringement that claim should be dismissed for failure to state a claim.

**I.    STATEMENT OF ISSUES TO BE DECIDED**

1) Whether the Court should dismiss this patent case pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406 for improper venue because Defendant Nissan does not reside in this District and does not have a regular and established place of business in this District, as required to support venue pursuant to 28 U.S.C. § 1400 in view of *In re Volkswagen Group of America, Inc.*, 2022 WL 697526, at *8 (Fed. Cir. 2022).

2) Whether the Court should dismiss the indirect infringement allegations in this patent case pursuant to Rule 12(b)(6) because Plaintiff Westport Fuel Systems Canada Inc.'s Complaint fails to state a claim upon which relief can be granted.

## II.     FACTUAL BACKGROUND

Westport filed its Complaint on December 15, 2021, asserting U.S. Patent Nos. 6,298,829 and 6,575,138 against Nissan. Dkt. No. 1 at ¶3. On this same date, Westport also filed actions in this District alleging infringement of the same patents against four other automakers or distributors. Case Nos. 2:21-cv-00453, -00454, -00456, -00457. This Court has subsequently consolidated this case, Case No. 2:21-cv-00455, with Case No. 2:21-cv-00456— *Westport Fuel Systems Canada, Inc. v. General Motors, LLC*. Dkt. 12. Defendant Nissan is a corporation organized under the laws of the State of Delaware with its principal place of business at One Nissan Way, Franklin, TN 37067.

## III.    LEGAL STANDARD

### A.     Rule 12(b)(3)—Improper Venue

Federal Rule of Civil Procedure 12(b)(3) requires dismissal of a case when venue is improper. Venue in a patent case is governed exclusively by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017) (quoting 28 U.S.C. § 1400(b)).  Further, "the Supreme Court has repeatedly cautioned against a broad reading of the patent venue statute." *In re Volkswagen Grp. of Am., Inc.*, 2022 WL 697526, at *8 (Fed. Cir. 2022) (citing *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961) and *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 566 (1942)). Additionally, "[t]he burden to establish venue in patent infringement cases rests with the plaintiff." *Volkswagen.*, 2022 WL 697526, at *3. The Court need not credit conclusory allegations in the Complaint,  *Am. GNC Corp. v. ZTE Corp.*, No. 4:17-cv-00620, 2017 WL 5163605, at * 2 (E.D. Tex. Oct. 4, 2017), and where, as here  "unsubstantiated allegations are controverted by affidavit

6

or declaration, the affidavit or declaration trumps the allegation." *Walker v. Inter-Americas, Ins.*, No. 7:03-CV-222, 2004 WL 1620790, at * 1 (N.D. Tex. July 19, 2004).

"[A] domestic corporation 'resides' only in its state of incorporation for purposes of the patent venue statute." *In re Google LLC*, 949 F.3d 1338, 1340 (Fed. Cir. 2020) ("*Google II*") (quoting *TC Heartland*, 137 S.Ct. at 1517). Alternatively, "[t]he regular and established place of business inquiry has three general requirements: '(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.'" *Volkswagen.*, 2022 WL 697526, at *3 (quoting *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017)). "If any of these statutory requirements are not satisfied, venue is improper under § 1400(b)." *Id.* (cleaned up). Doing business in a District cannot, by itself, support a finding of venue in a patent case. *In re Cray Inc.*, 871 F.3d 1355, at 1361 ("As the district court correctly stated, 'the regular and established place of business standard requires more than . . . the doing business standard of the general venue provision'[.]") (internal citations omitted).

### B.     Rule 12(b)(6) and Twombly-Iqbal—Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## IV.  ARGUMENT

### A.  Improper Venue

Westport's Complaint requires dismissal because venue in this District is improper as to Nissan. Nissan neither "resides" nor has any "regular or established place of business" in this District. *TC Heartland*, 137 S. Ct. at 1516. That dealerships owned and controlled by third parties are not places of business of Nissan has been made indisputably clear in the Federal Circuit's latest *Volkswagen* decision. 2022 WL 697526. Because Nissan does not have a regular and established place of business in this District, the venue flaw in the Complaint cannot be remedied and any attempted amendment would be futile. Therefore, dismissal is warranted pursuant to 28 U.S.C. § 1406. In the alternative, should the Court be inclined to transfer rather than dismiss this case due to improper venue, then, pursuant to § 1406, this case should be transferred to the Middle District of Tennessee, where Nissan has its principal place of business.

#### 1.  Nissan Does Not "Reside" In This District

For venue, pursuant to 28 U.S.C. § 1400(b), a corporate defendant "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. 1514, 1517 (2017). Nissan is a Delaware corporation headquartered in Franklin, Tennessee. Dkt. 1 at ¶2; Decl. at ¶3. As a result, Nissan does not "reside" in this District. Westport cannot and does not contend otherwise.

#### 2.  Nissan Does Not Have A "Regular And Established Place Of Business" In This District

Nissan does not have a "regular and established place of business" in this District. For Westport to assert otherwise: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of [Nissan]." *Cray*, 871 F.3d at 1360. As previously discussed, Nissan's principal place of business is in Franklin, Tennessee and it maintains no facilities in this District. Decl. at ¶4.

8

Westport alleges in its Complaint that: "(a) Defendant conducts its business of the distribution of new automobiles to the consuming public in this District through authorized dealers in this District, which Defendant holds out to the public as its own (including, for example, Patterson Nissan of Longview, 3114 N. Eastman Rd., Longview, Texas 75605); and (b) Defendant conducts its business of the provision of new purchase warranties and service pursuant to those warranties to the consuming public in this Judicial District through its authorized dealership(s) located in this Judicial District." Dkt. 1 at ¶10.

The Complaint purports to establish venue by alleging that the single identified third-party dealership in the Eastern District of Texas, along with unnamed other third-party dealerships, are regular and established places of business of Nissan. Specifically, Westport asserts that Nissan has "established, ratified, and/or controlled" the dealers "as authorized dealers, which are the places of business at which Nissan offers for sale, sells, and provides authorized maintenance, warranty, and recall services." Dkt. 1 at ¶11. However, this venue argument mischaracterizes Nissan's business and has been held by the Federal Circuit to be "patently erroneous." *Volkswagen*, 2022 WL 697526, at *8 (reversing and vacating two district court orders holding that dealership locations in the district were "the regular and established places of business of" the vehicle manufacturers under identical arguments). Further, other than arguing to impute third-party dealerships' places of business to Nissan, Westport does not allege that Nissan has a regular and established place of business of its own in this District.

### a. Nissan-affiliated dealerships are not regular and established places of business of Nissan per Federal Circuit law.

The Federal Circuit's recent decision in *Volkswagen* makes clear that places of business of third-party dealerships cannot be imputed to Nissan for venue because they are independent business entities and because Nissan does not maintain "interim control." Westport's allegations

9

82644251.4

are insufficient to establish an agency relationship. 2022 WL 697526, at *7 (holding that petitioners' lack of "interim control" over warranty services precluded a finding of an agency relationship for said warranty services). In fact, "Texas law prohibits auto manufacturers and distributors from directly or indirectly 'operat[ing] or control[ling] a franchised dealer or dealership.'" *Id.* at *1 (quoting Tex. Occ. Code § 2301.476(c)(2)(A)). Therefore, Westport cannot show the "interim control" necessary to establish an agency relationship between Nissan and dealerships located in this District, because such control does not exist and is precluded by operation of law. *Id.* ("any contractual provision that violates chapter 2301 is 'unenforceable.'" (quoting Tex. Occ. Code § 2301.003(b))); Decl. at ¶15.

        **b.**    **Westport's venue allegations mirror those rejected by the Federal Circuit in *Volkswagen*.**

Westport alleges that "(a) Defendant conducts its business of the distribution of new automobiles to the consuming public in this District through authorized dealers in this District, . . . and (b) Defendant conducts its business of the provision of new purchase warranties and service pursuant to those warranties to the consuming public in this Judicial District through its authorized dealership(s) located in this Judicial District." Almost identically, the plaintiff in *Volkswagen* alleged that dealerships affiliated with defendants Volkswagen and Hyundai were "agents for conducting [p]etitioners' business of (i) selling cars to consumers and (ii) providing warranty services to consumers." 2022 WL 697526, at *5. After considering the plaintiff's arguments in *Volkswagen*, the district court ruled that venue was proper based on the concept that "independent car dealerships located in the Western District that sell and service cars after purchasing them from the [*Volkswagen*] petitioners under franchise agreements imposing, inter alia, transfer restrictions, staffing and reporting requirements, minimum inventory levels, employee training, and equipment

10

requirements on the dealerships . . . gave the [p]etitioners sufficient control over the dealership locations to establish a regular and established place of business of the [p]etitioners." *Id.* at *1.

The Federal Circuit wholly rejected this legal theory, asserting that the district court's logic was a "clear abuse of discretion" for ignoring established principles of agency law and Federal Circuit case law. *Id.* at *8. Westport indistinguishably asserts that Nissan's agreements and relationships with dealerships in this Judicial District somehow transforms those independent, third-parties' places of business into Nissan's places of business for venue purposes. In view of the Federal Circuit's ruling, this logic is "patently erroneous" and Westport similarly "fail[s] to carry its burden [here] to show that the dealerships [in] the [Eastern] District are agents of" Nissan. *Id.*

Not only do Westport's arguments mirror the failed venue arguments in *Volkswagen*, but Nissan's dealer agreements similarly align with the agreements at issue in that case. 2022 WL 697526, at *6; *see* Ex. A. Like the agreements in *In re Volkswagen,* Nissan's Dealer Agreements impose quality control and performance constraints but do nothing to establish control over the independently owned dealerships. *In re Volkswagen*, 2022 WL 697526, at *6; Ex. A at 5-7, 9-16. Likewise, the Nissan Agreements contain standard warranty provisions analogous to those considered by the Federal Circuit in *In re Volkswagen.* 2022 WL 697526, at *7; Ex. A at 9-12. The Federal Circuit ruled that these provisions "fail to give [the manufacturers] 'interim control' over either the dealerships' car sales or warranty work," and fail to establish an agency relationship. That analysis and ultimate determination is equally applicable here. *Volkswagen, Inc.*, 2022 WL 697526, at *6. Finally, the Nissan Agreements likewise explicitly disclaim any agency relationship or authority. *In re Volkswagen*, 2022 WL 697526, at *7; Ex. A at 33.

11

### B.     Failure to State a Claim of Indirect Infringement

It appears that Westport intends to allege indirect infringement since, in the Prayer for Relief, Westport requests that the Court issue a judgment that Nissan "infringes, directly and/**or indirectly**" the asserted patents.  Dkt. 1 at 17 (emphasis added). However, the Complaint makes no other mention of indirect infringement. Because Westport failed to plead any facts and/or circumstances supporting an indirect infringement claim, that claim, to the extent it has been asserted, should be dismissed.

To state a claim for induced infringement, one must plead (1) underlying direct infringement by another; and (2) that the defendant undertook an affirmative act to encourage infringement, with knowledge that its actions would cause infringement. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016).  To state a claim for contributory infringement, one must plead: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

Westport does not plead any of these legally required allegations, let alone facts to support them.  Simply requesting judgment for indirect infringement, with no supporting allegations, does not state a plausible claim for indirect infringement.  For these reasons, Westport's intended claim for indirect infringement should be dismissed. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4-6 (E.D. Tex. Aug. 14, 2015) (dismissing the indirect infringement claims for lack of factual basis upon which a plausible inference of indirect infringement can be drawn); *Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-CV-360-MHS, 2014 WL 12378804, at *4 (E.D. Tex. Oct. 14, 2014) ("[w]hile a plaintiff need not prove its case at the

pleading stage, [the] First Amended Complaint lacks enough facts to state a plausible claim of indirect infringement.").

## V. CONCLUSION

For the reasons stated above, the Complaint should be dismissed.

Dated: March 24, 2022.

/s/ Jonathan R. Spivey
Jonathan R. Spivey
Texas Bar No. 24002989
jspivey@polsinelli.com

LaTasha M. Snipes
Texas Bar No. 24072504
tsnipes@polsinelli.com

Jahnathan L. D. Braquet
Texas State Bar No. 24125998
jbraquet@polsinelli.com

POLSINELLI, PC
1000 Louisiana St., Suite 6400
Houston, Texas 77002
(713) 374-1600 (Office)
(713) 374-1601 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2022, a copy of the foregoing Motion was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Texas and served via CM/ECF upon the counsel of record.

/s/ Jonathan R. Spivey
Attorney

13

82644251.4