IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WESTPORT FUEL SYSTEMS CANADA INC., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-455-JRG-RSP |
| NISSAN NORTH AMERICA, INC., | § § § § | |
| *Defendant*. | § | |

## ORDER

Before the Court is the Objection to and Appeal of Magistrate Payne's April 17, 2022 Order Granting Venue Discovery (the "Objection") filed by Defendant Nissan North America, Inc. ("Nissan"). (Dkt. No. 61.) Having considered Objection, and for the reasons stated herein, the Court finds that it should be **OVERRULED** and the Magistrate Judge's April 17, 2022 Order (the "Magistrate's Order") (Dkt. No. 58) **AFFIRMED**.

**I.     BACKGROUND**

Plaintiff Westport Fuel Systems Canada Inc. ("Westport") filed a Complaint against Nissan on December 15, 2021 alleging infringement of two United States Patents. (*See generally* Dkt. No. 1.) On March 23, 2022, Nissan filed a Motion to Dismiss the Complaint on the basis of, *inter alia*, improper venue. (Dkt. No. 30.) Nissan alleges that venue is improper on the grounds that "[car] dealerships owned and controlled by third parties are not places of business of Nissan." (*Id*. at 8.) On April 1, 2022, Westport moved for leave to conduct "limited and expedited" venue discovery to investigate its theory that Nissan is "regularly doing business in the Eastern District of Texas…at specific physical places" through acts of delivery, sales, training, control, and ownership by Nissan

and its employees. (Dkt. No. 46 at 1–2.) On April 17, 2022, the Magistrate Judge granted leave to take limited venue discovery to be completed within forty-five days of the issuance of the Order. (Dkt. No. 58). Nissan filed its Objection on April 30, 2022, requesting that the Court "set aside" the Magistrate's Order. (Dkt. No. 61 at 4.)

## II.   ANALYSIS

Nissan appeals and objects to the Magistrate's Order on the grounds that the "agency and ratification theories that Westport alleges based on industry-standard dealer franchise agreements" do not "comport with Federal Circuit venue law." (Dkt. No. 61 at 2 (citing *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1214 (Fed. Cir. Mar. 9, 2022)).) Specifically, Nissan argues that it "does not have a place of business in this District" and that "[d]espite Westport's argument that dealer franchise agreements *may* support a finding of agency, [Westport] fails to show any provisions or facts that raise such an inference." (Dkt. No. 68 at 1–2) (emphasis in original).

Westport responds that its ongoing venue discovery "extends beyond industry-standard dealer franchise agreements," instead focusing on "Nissan's own employees' regular and physical presence at established places of business in the Eastern District of Texas" and the "interim control Nissan exercises over authorized local dealerships through its required warranty service process." (Dkt. No. 66 at 1–2.) Moreover, Westport states that depositions of Nissan's corporate representative and a third-party witness are scheduled to occur within the upcoming weeks. (Dkt. No. 70 at 1–2.)

The Court has discretion to allow targeted venue discovery. *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013) ("A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse."); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."). The Court finds that the conclusions of the Magistrate Judge in the Magistrate's Order are correct. Nissan's conclusory statements that it "does not have a place of business in this District" are insufficient to disturb that conclusion and do not impact the Magistrate's proper exercise of discretion to permit targeted venue discovery.

### III. CONCLUSION

For the reasons set forth herein, the Objection (Dkt. No. 61) is **OVERRULED** and the Magistrate Judge's April 17, 2022 Order (Dkt. No. 58) is **AFFIRMED**.

**So Ordered this**

**Jun 2, 2022**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE