**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **WESTPORT FUEL SYSTEMS CANADA INC.,** | |
| **Plaintiff,** | **Civil Action No. 2:21-cv-00455-JRG-RSP** **(Lead Case)** |
| **v.** | |
| **NISSAN NORTH AMERICA, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |
| **WESTPORT FUEL SYSTEMS CANADA INC.,** | |
| **Plaintiff,** | **Civil Action No. 2:21-cv-00456-JRG-RSP** **(Member Case)** |
| **v.** | |
| **GENERAL MOTORS, LLC** | |
| **Defendant.** | |

**PLAINTIFF WESTPORT FUEL SYSTEMS CANADA INC.'S OBJECTIONS TO THE**
**REPORT AND RECOMMENDATON REGARDING NISSAN'S MOTION TO DISMISS**

█████████████

Pursuant to Federal Rule of Civil Procedure 72(b)(3), Local Rule CV-72(c), and 28 U.S.C. § 636(b)(1)(C), Plaintiff Westport Fuel Systems Canada Inc. ("Westport") respectfully objects to the Report & Recommendation ("Report") (ECF 119) dated September 12, 2022, recommending the grant of Defendant Nissan North America, Inc. ("Nissan") Motion to Dismiss for Improper Venue ("Motion to Dismiss") (ECF 30). As set forth in the Complaint, in Westport's Opposition to Nissan's Motion (ECF 78), and in its Sur-Reply (ECF 104) (each of which is incorporated by reference), and as explained further below, the Report's findings should be rejected, and Westport's objections should be sustained.

## I.    INTRODUCTION

Nissan moved to dismiss this case based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a) (ECF 30). Nissan does not dispute that Westport has adequately alleged infringement within this district for venue purposes. The only question before the Court is whether the Nissan dealerships are a "regular and established place of business" under § 1400(b).

If ever there was a sufficient evidentiary basis for finding an auto manufacturer's dealerships constitutes its "regular and established place of business," it exists here. ██████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████ The Report finds that one employee visited dealerships in the District at least 44 times between July 2019 and April 2022, with another visiting a single dealership in the District monthly between August 2019 and April 2022 for a total of 32 times. Report at 5. The Report, however, imposes additional requirements beyond those set forth by the

──────────────────

█ ███████

Federal Circuit to establish "regularity," including (i) predictable, scheduled visits and (ii) set-aside, identified office space for the Nissan employees. If adopted, the Report will effectively insulate auto manufacturers from patent infringement suits in this District based on trivial formalities that ignore the realities of Nissan's business.

In addition, the Report analyzed Westport's evidence in a piecemeal manner, without consideration of whether the totality of the evidence—taken as a whole—demonstrates that Nissan exercises *interim control* over its Dealers' day-to-day operations, including the service departments performing Nissan's warranty work. Unlike *In re Volkswagen Grp. Am., Inc.*, 28 F.4th 1203 (Fed. Cir. Mar. 9, 2022) (per curiam), ████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

## II.     LEGAL STANDARD

Venue for domestic corporations in patent infringement cases may be established in two ways, the latter of which is at-issue here: "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The determination of venue is necessarily a fact-intensive exercise. *See Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00418-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019); *see also In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) ("In deciding whether a defendant has a regular and established place of business in a district, *no precise rule has been laid down and each case depends on its own facts*.") (emphasis added). Here, the dispute "focuses on the latter of the *Cray* elements: (1) whether dealership locations are regular and established places of business for Nissan, or (2) whether Nissan has established or ratified the dealerships as Nissan's places of

13616887

business." Report at 2. The Federal Circuit did not and could not have answered these questions in *Volkswagen* as that plaintiff-patent owner "failed to show that an agent or employee of the of the [auto manufacturer] conducts business at the dealerships." Thus there exists an open question as to "whether the dealership locations can be considered the places of business of [the auto manufacturers]" when employees of the auto manufacturers (as opposed to dealership employees) regularly use the dealerships to conduct business for the auto manufacturers (i.e., their employers). *Id*.

## III.   ARGUMENTS

Where a party has objected to a magistrate's decision, the district court's review must be performed *de novo* and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); 28 U.S.C. § 636(b)(1)(C). A *de novo* determination means that the Court gives "'fresh consideration'" to the evidence and issues, "independent of the magistrate judge's conclusion." 14 James Wm. Moore et al., Moore's Federal Practice-Civil § 72.11[2][a] (2022). Because the Court makes its own independent decision, "no presumption of validity applies to the magistrate's findings or recommendations." *Id.*

### A.   The Report Deviates from the Federal Circuit's Requirements for Showing a "Regular and Established" Place of Business.

The Report acknowledges that "[t]here is no dispute that Nissan employees visit dealerships to conduct Nissan business." Report at 5. Yet the Report rejects Westport's evidence of at least 76 dealership visits as "sporadic," finding that this evidence is insufficient to establish "regularity" for purposes of venue. *Id.* In doing do, the Report imposes a requirement to show that the Nissan employees presence at the Nissan dealership is "predictable, *subject to any pattern*, or *consistent with regard to the time of the day or with regard to the day of the week or month*," and

"*importantly*" that a "room or space, or even a desk, is *set aside* and *identified* as the place for Nissan employees when they are at the dealership." Report at 5-6 (emphasis added). Such a standard imposes requirements beyond those set forth by the Federal Circuit. The Federal Circuit explained "regular" is not "a single act pertaining to a particular business," rather "a series of such acts," *In re Cray*, 871 F.3d 1355, 1362 (Fed. Cir. 2017). *Cray* similarly explained that a "regular place of business" is "a place where such business is carried on 'regularly' not merely temporarily, or for some special work or particular transactions." *Id.* The Federal Circuit has not required "business" to be conducted according to a predictable pattern or consistent schedule. *Id.* In fact, the Federal Circuit explained that a predictable, consistent schedule of "semi-annual" visits was not sufficient. *Id.* at 1363. Accordingly, predictability and a consistent schedule are not the touchstones for "regularity." Here, Nissan employees' 76 dealership visits show "regular" conducting of Nissan business that is not temporary, "for special work," or "for particular transactions." ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████    The Report places undue weight on a space being "set aside" and "identified" for Nissan employees when they are present at Nissan's dealerships. While *AGIS* considered this factor, it was not determinative. *Compare AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00361-JRG, 2022 WL 1511757, at *4 n.5 (E.D. Tex. May 12, 2022) (mem. op.) (Gilstrap, J.) *with* Report at 5-6.[2] This Court should reject imposing new requirements—beyond those set forth by

---

[2] The Federal Circuit's recent grant of a writ of mandamus directing this Court to transfer the *AGIS* case to the Northern District of California does not affect Westport's position. The *AGIS* case was transferred based on important, distinguishable facts, including the location of Google's California headquarters being the location "where the accused technology was developed." *See In re Google LLC*, No. 2022-140, 2022 WL 1613192, at *3 (Fed. Cir. May 23, 2022). In this case, Nissan does not argue that the accused products were developed in the Middle District of Tennessee.

13616887

the Federal Circuit—to allow Nissan to circumvent venue in this District based merely on an unpredictable schedule or absence of office nameplates.

The fact that Nissan ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

Westport's evidence establishes a "steady, uniform, orderly, and methodical" presence of Nissan's employees at the Nissan dealerships such that the Nissan dealerships constitute Nissan's regular and established place of business for venue purposes. *See* ECF 104 at 3-4.

**B.      The Report Fails to Consider Westport's Evidence of Nissan's Employees, Equipment, and Personal Property, Establishing Nissan's *Interim Control*.**

The Report further does not give due weight to Westport's evidence of Nissan's employees and equipment as showing Nissan's day-to-day control over the operations of the dealership or the service department performing warranty work. Despite Westport's evidence of Nissan funneling employees, equipment, and vehicles into the District, and using contractual provisions to exercise control over the Nissan Dealerships, *see* ECF 104 at 10, the Report does not "appreciate any substantial difference between *Volkswagen* and Westport's agency argument here." Report at 3.

Moreover, unlike in *Volkswagen*, ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████ Additionally, "both *Volkswagen* and

*Arigna* recognize that *OEMs can exercise the requisite level of control over an authorized dealership* sufficient to create an agency relationship for the purposes of establishing venue." ECF 78 at 22-23 (first citing *Volkswagen*, 28 F.4th at 1208; and then *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, Nos. 2:21-CV-00172-JRG & 2:22-CV00034-JRG, slip op. at n.1 (E.D. Tex. Apr. 27, 2022) (Orders Granting Defendants' Motions to Dismiss Based on Venue)). The Report thus erred in assuming "[o]ther issues not specifically discussed in *Volkswagen* were likely

assumed to be present in *Volkswagen*, whether or not developed in the record, by virtue of industry practices[.]" Report at 3-4.

## IV. CONCLUSION

For the reasons set forth in the objections above, Westport respectfully requests the Court sustain Westport's objections and deny Nissan's Motion to Dismiss in its entirety. In view of District Judge Schroeder's order adopting the Report and Recommendation in *Westport Fuel Systems Canada Inc. v. FCA USA, LLC et al.*, No. 2:21-cv-00453-RWS-RSP (E.D. Tex. Aug. 22, 2022) (ECF 115) and granting dismissal against Defendant FCA (ECF 122), Westport files its objections to preserve the record and facilitate review.

Dated: September 26, 2022                    Respectfully Submitted,


                                             By:   */s/ Miranda Y. Jones*
                                             Miranda Y. Jones
                                             Texas Bar No. 24065519 (Lead)
                                             MirandaJones@porterhedges.com
                                             Sarah J. Ring
                                             Texas Bar No. 24056213
                                             SRing@porterhedges.com
                                             Derek V. Forinash
                                             Texas Bar No. 24038905
                                             DForinash@porterhedges.com
                                             PORTER HEDGES LLP
                                             1000 Main Street, 36th Floor
                                             Houston, TX 77002
                                             Telephone: (713) 226-6000
                                             Facsimile: (713) 228-1331

                                             Claire A. Henry
                                             Texas Bar No. 24053063
                                             WARD, SMITH & HILL PLLC
                                             1507 Bill Owens Parkway
                                             Longview, Texas 75604
                                             Telephone: (903) 757-6400
                                             Facsimile: (903) 757-2323
                                             claire@wsfirm.com

13616887

*Attorneys for Westport Fuel Systems Canada Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September 2022, the foregoing was filed electronically through the Court's CM/ECF system.  I also served the foregoing sealed document to counsel of record for the identified Defendant via e-mail.


/s/ *Miranda Y. Jones*
Miranda Y. Jones


**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5(a)(7)(B), the undersigned certifies that authorization was granted, in the Court's Protective Order entered in this case on September 26, 2022, for filing the foregoing document under seal.

/s/ *Miranda Y. Jones*
Miranda Y. Jones

13616887